United States District Court
Southern District of Texas
**ENTERED**
March 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § | CIVIL ACTION NO. 5:20-CV-23 |
| 2.9449 ACRES OF LAND, MORE OR LESS and ANTONIO J. MEDINA, JR., | | |
| Defendants. | | |

## ORDER FOR CONFERENCE AND DISCLOSURE OF INTERESTED PARTIES

1. An Initial Pretrial and Scheduling Conference will be conducted by:

   **United States Magistrate Judge John A. Kazen on May 21, 2020 at 9:00 a.m.**

   The Court's address is 1300 Victoria St., Courtroom 2C.

   The lead trial counsel for each Party, or an attorney with substantial familiarity with and responsibility for the case, shall appear **in-person** at the Initial Pretrial and Scheduling Conference and be prepared to discuss all aspects of the case.

2. The parties shall confer as required by Fed. R. Civ. P. 26(f) and, thereafter, shall prepare and file **at least 10 days before the conference** a Joint Discovery / Case Management Plan containing the information required on the attached form.

3. Pursuant to Fed. R. Civ. P. 37(c), a party who fails to provide information or identify a witness as required by Rule 26(a) or (e) **will not be allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial**, unless the Court determines that the failure was substantially justified or was harmless.

4. Fed. R. Civ. P. 4(m) requires Defendant(s) to be served within ninety days after the filing of the complaint. Plaintiff(s) failure to file proof of service within ninety days after the filing of the complaint may result in the dismissal of this action by the Court of its own initiative.

5. The Court will enter a Scheduling Order and may rule on any pending motions at the conference. ALL DEADLINES NOT EXPLICITLY SET OUT IN THE SCHEDULING ORDER WILL BE STRICTLY GOVERNED BY THE FEDERAL RULES OF CIVIL PROCEDURE.

6. The Plaintiff(s) or the party removing this suit from state court SHALL SERVE THE OPPOSING PARTY OR PARTIES with copies of the following:

    A. this ORDER OF CONFERENCE;

    B. the form for the JOINT REPORT ON MEETING REQUIRED BY RULE 26(F) AND JOINT DISCOVERY / CASE MANAGEMENT PLAN; and

    C. the MEMORANDUM explaining the conduct this Court will expect of counsel in this action.

    These papers SHALL BE SERVED CONTEMPORANEOUSLY WITH THE SUMMONS AND COMPLAINT, if Plaintiff receives this Order prior to service of summons.

7. Discovery Deadline: The term "completed" as used in the discovery deadline identified in the Court's Scheduling Order means that parties must serve their written discovery requests in sufficient time for the responding party to serve its responses before this deadline. A party may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

8. Counsel must make serious and timely efforts to confer with opposing counsel on all motions to try to reach agreements on the relief to be requested by the movant.

9. Counsel shall file with the Clerk within fifteen (15) days from the receipt of this Order, a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Counsel shall underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then counsel shall promptly file an amended certificate with the Clerk.

10. Failure to comply with this Order or the provisions of Fed. R. Civ. P. 26 may result in sanctions being imposed against counsel personally.

11. A person litigating *pro se* is bound by the requirements imposed upon counsel in this Order.

SIGNED on March 2, 2020.

                                                                              JOHN A. KAZEN
                                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:20-CV-23 |
| 2.9449 ACRES OF LAND, MORE OR LESS and ANTONIO J. MEDINA, JR., | § § § § | |
| Defendants. | § § | |

## NOTICE OF THE RIGHT TO PROCEED IN
## A CIVIL CASE BEFORE A MAGISTRATE JUDGE

With the consent of all parties, a United States Magistrate Judge may preside in a civil case, including a jury trial and entry of final judgment.

The choice of trial before a Magistrate Judge is entirely yours. Tell only the Clerk. Neither the District Judge nor the Magistrate Judge will be told until and unless all of the parties agree.

The District Judge to whom your case is assigned must approve the referral to a Magistrate Judge.

You may get consent forms from the Clerk.

> David J. Bradley, Clerk
> United States District Court
> Southern District of Texas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:20-CV-23 |
| 2.9449 ACRES OF LAND, MORE OR LESS and ANTONIO J. MEDINA, JR., | § § § § | |
| Defendants. | § § | |

**JOINT REPORT REQUIRED BY FED. R. CIV. P. 26(F)
AND JOINT DISCOVERY / CASE MANAGEMENT PLAN**

> Any differences between the parties as to the response(s) to any matter must be set forth in this report.

Preliminary Matters

1. State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and / or parties who participated in the conference.

2. List cases pending in this or any other district, along with the cause number and judicial district, that are related to this case.

3. If another case is pending in this or any other district, can and should this case be consolidated with that case?

4. Briefly describe what this case is about.

5. What is Plaintiff's allegation of federal jurisdiction, or, if this case was removed, what is Defendant's allegation of federal jurisdiction?

6. Does Defendant (or Plaintiff if this case was removed) agree or disagree with this allegation?

7. Does either party anticipate the need to add additional parties?

8. If so, list any additional parties and when they can be added.

9. List any anticipated interventions.

10. Are there any issues in this case that may raise class allegations or class action issues?

### Discovery

11. The conference required by Rule 26(f) was held on _____, at _____. Counsel / Parties who participated in the conference: _____ for Plaintiff(s) _____, _____ for Defendant(s) _____.

12. Describe the proposed discovery plan agreed upon at the Conference. Include the following:

    A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a);
    B. When and to whom Plaintiff anticipates it may send interrogatories;
    C. When and to whom Defendant anticipates it may send interrogatories;
    D. Of whom and by what date Plaintiff anticipates taking oral depositions;
    E. Of whom and by what date Defendant anticipates taking oral depositions;
    F. When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;
    G. List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Fed. R. Civ. P. 26(a)(2)(B).
    H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B).

13. If the parties do not agree on any portion of the discovery plan, describe the separate views and proposals of each party.

14. Specify the discovery beyond initial disclosures that has been undertaken to date.

15. State the date the planned discovery can reasonably be completed.

### Settlement and Trial Alternatives

16. Describe the possibilities of settlement or alternative dispute resolution that were discussed at the Rule 26(f) meeting.

17. Describe what each party has done or agreed to do to bring about a prompt resolution.

18. From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

19. The parties may jointly consent to a Magistrate Judge conducting any and all proceedings in any jury or nonjury civil matter, including hearing a jury or nonjury trial, and order the entry of judgment in the case. Will the parties consent to a Magistrate Judge conducting all proceedings in this case, including trial and disposition of the case?

20. State whether a jury demand has been made and if it was made on time.

21. In the event of a trial, how many **hours** will it take to try this case?

Additional Conference Items

22. Counsel are charged with knowledge of the Local Rules of the United States District Court for the Southern District of Texas, which are available at:

    http://www.txs.uscourts.gov/sites/txs/files/2018%20Local%20Rules.pdf.

    Have all counsel reviewed those local rules prior to completion of this Report?

    Counsel are also charged with knowledge of the Honorable Marina Garcia Marmolejo's Court Procedures in Civil Cases, which are available at:

    https://www.txs.uscourts.gov/sites/txs/files/Civ_MGM_July2017.pdf

    Have all counsel reviewed those rules prior to completion of this Report?

23. If there are any motions pending before the Court at this time, list them.

24. Can any of these motions be ruled upon at the Initial Pretrial and Scheduling Conference?

25. Are there any other matters peculiar to this case, including discovery, that deserve special attention from the Court at the Initial Pretrial and Scheduling Conference?

26. List the names, Southern District of Texas bar numbers, addresses, and telephone numbers of all counsel. All counsel appearing for any hearing or identified as counsel of record on a pleading must either be licensed to practice in the Southern District of Texas or must file a motion to appear *pro hac vice*.

27. **Proposed Dates for Scheduling Order.** Please review the proposed deadlines for many of the pretrial events listed below that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance

in (1) formulating answers to the other parts of this Questionnaire and (2) scheduling the events preceding the trial. The Scheduling Order that will be issued following the Scheduling Conference will necessarily be more specific and detailed and will contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit. As indicated below by asterisks, some dates and events are "inflexible" because of limited judicial resources in the Court's calendar.

| PRETRIAL EVENTS | COURT'S DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| Rule 26(f) Meeting | | |
| File Joint Case Management Plan | **At least 10 days before the conference** | |
| Rule 16(b) Scheduling Conference | **May 21, 2020 at 9:00 a.m.** | |
| Deadline for Parties to Exchange Rule 26(a)(1) Initial Disclosures | | |
| Deadline for Joinder of All Parties | | |
| Deadline to Serve Initial Written Discovery[1] | | |
| Deadlines to Designate Expert Witnesses[2] | **Plaintiff(s):** | **Plaintiff(s):** |
| | **Defendant(s):** | **Defendant(s):** |
| Deadline to Opt into Court Mediation[3] | | |
| Deadline to Amend the Pleadings (with consent of all parties or leave of Court) | **Plaintiff(s):** | **Plaintiff(s):** |
| | **Defendant(s):** | **Defendant(s):** |

---

[1] This deadline applies to serving a first set of interrogatories, requests for production, and other written discovery, but does not limit the parties from serving further requests prior to the discovery deadline.

[2] The parties shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) by these deadlines. The parties must file their lists of proposed expert witnesses with the Court by the designation deadline, but should **NOT** file reports or other discovery materials.

[3] *See* attached Memorandum outlining the details of court-hosted mediation. At the Parties' request, the Court will schedule court-hosted mediation before the parties undergo the expense of retaining and designating experts. If the parties prefer to designate experts before attending court-hosted mediation, the Court is also willing to schedule mediation any time before the expiration of the ADR deadline.

| | | |
|---|---|---|
| Deadline to Complete All Discovery, including depositions of expert witnesses[4] | | |
| Deadline to Complete ADR | | |
| Deadline to File Dispositive Motions and to Exclude or Limit Expert Testimony | | |

| **TRACK A — *If* No Dispositive Motions are Filed:** | | |
|---|---|---|
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | | |

| **TRACK B — *If* Dispositive Motions are Filed:** | | |
|---|---|---|
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | | |

---

[4] A party must serve its written discovery requests in sufficient time for the responding party to serve its responses before this deadline. See Paragraph 7 of the Court's Order for Conference and Disclosure of Interested Parties.



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **JOHN A. KAZEN** | 1300 Victoria Street |
| **U.S. MAGISTRATE JUDGE** | Laredo, Texas 78040 |
| | TEL: (956) 790-1757 |

### MEMORANDUM

To: All counsel in the pending litigation

Date: March 2, 2020

Re: Compliance with Requirements of Rule 26 and Southern District of Texas Local Rule 7.1D

Federal Rules of Civil Procedure Rule 26 will govern this case. Failure by counsel to follow any of the provisions of Rule 26 **will result in sanctions** being assessed against counsel personally. Any sanctions imposed may not be charged to or reimbursed by clients without prior permission of the Court.

If counsel are unable to comply with any of the provisions of Rule 26, they should immediately inform the Court in the form of an Advisory. The Advisory to the Court should state which provision(s) of Rule 26 counsel are unable to comply with and the reasons that they are unable to comply with them. If counsel can demonstrate to the Court that they have made a good faith effort to comply with the provision(s) or that the reasons they are unable to comply with the provisions are beyond their control, the imposition of sanctions can be avoided. However, "eleventh hour" notifications to the Court will only be excused in cases of emergency. Otherwise, the Court will require at least three (3) working days' notice from counsel that a provision of Rule 26 cannot or will not be followed.

Additionally, the parties are reminded that compliance with Southern District of Texas Local Rule 7.1D[5] requires a good faith effort to resolve discovery disputes and non-

---

[5] LR 7.1D PRETRIAL MOTIONS, **FORM.** "Except for motions under FRCP12(b) [defenses], (c) [m/judgment on the pleadings], (e) [m/more definite statement], or (f) [m/strike] and 56 [summary judgment], contain an averment that
  (1) The movant has conferred with the respondent and (2) Counsel cannot agree about the disposition of the motion."

dispositive disputes. LR 7.1D further requires the communication to take place face to face or by telephone.

The Court will not hear or consider any discovery motion or non-dispositive dispute unless the movant has complied with the "meet and confer" requirement of Local Rule 7.1D. The motion must state with specificity when and how the movant complied with LR 7.1D.



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **JOHN A. KAZEN** | 1300 Victoria Street |
| **U.S. MAGISTRATE JUDGE** | Laredo, Texas 78040 |
| | TEL: (956) 790-1757 |

## MEMORANDUM

To:   All counsel in the pending litigation

Date:  March 2, 2020

Re:   Court-hosted Mediation

This Memorandum notifies the parties of the Court's availability to host mediations and settlement conferences to promote a just, speedy, and inexpensive resolution to this case. An opt-in date has been established in the scheduling order which will serve as the deadline for the parties to request court mediation. All parties should confer about the option of court mediation, but only need notify the Court if they wish to avail themselves of a court-hosted mediation.  The parties may request a court mediation at any time before the expiration of the opt-in deadline.  If the parties do not opt-in by the deadline, the Court will assume the parties have employed a private mediator.  You are not obligated to agree to court mediation; however, the Court will closely scrutinize requests for continuance based on delays caused by a private mediator's unavailability.

If the parties wish to participate in court mediation, they must file a Joint Advisory which includes at least three (3) proposed dates when counsel for all parties will be available to attend the settlement conference.

If a settlement conference is requested, the parties will be required to undertake settlement discussion prior to the conference so that as much progress as possible can be made prior to the conference.  To this end, the Plaintiff(s) should proffer a written settlement demand to the Defendant(s) at least thirty (30) days before the settlement conference is scheduled to be held.  Defendant(s) should submit a written counter-offer to the Plaintiff(s) at least fifteen (15) days before the settlement conference.  The parties should confer and file a written status report with the Court at least five (5) days before the date of conference.  The report should contain sufficient detail to assist the Court in preparing for the settlement conference.  The report need not be lengthy, but should

contain a specific recitation of the facts, identification of the controlling legal issues and the parties' respective legal theories and causes of action, the parties' current positions on settlement, and a full report on all settlement efforts to date.

The settlement report may be mailed to the undersigned at 1300 Victoria Street, Suite 1131, Laredo, TX 78040 or may be filed using CM-ECF.  If filed using CM-ECF, the settlement report should be filed under seal (and ex parte if one or more parties are not participating in the settlement conference).  The report will not become a part of the record in this case, and will only be used by the magistrate judge in preparing for the settlement conference.

The settlement conference should be attended by an authorized representative of each party, together with trial counsel for each party.  An insured party need not attend unless the settlement decision will be made in part by the insured.  If the settlement decision will be made in whole or part by an insurer, the insurer shall send a representative in person with full and complete authority to make settlement decisions. A corporate party shall send a representative with full and complete authority to bind the corporation.  A governmental entity shall send a representative authorized to act on its behalf.  Failure to produce the appropriate person(s) at the conference and/or failure to participate in good faith may result in an award of costs and attorney fees incurred by the other parties in connection with the conference and/or other sanction against the noncomplying party/counsel.