**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:20-CV-023 |
| | § | |
| 2.9449 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN WEBB COUNTY, | § | |
| STATE OF TEXAS; AND ANTONIO J. | § | |
| MEDINA, JR. | § | |
| | § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER F.R.C.P. 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) Federal Rules of Civil Procedure, a conference was held via telephone on April 16, 29, & 30, 2020.  Antonio Medina attended on behalf of the Defendant and John A. Smith III, Assistant United States Attorney, attended on behalf of the Plaintiff.

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None.

3. **<u>Briefly</u> describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of a temporary assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C of the Declaration of Taking to survey, make borings, and conduct other investigatory work needed to plan the proposed construction of border infrastructure.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

5. **Name the parties who disagree with the jurisdiction allegations and state their reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by which parties desire their inclusion.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe any class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   Parties stipulate, pursuant to Rule 26(a)(1)(A), that initial disclosures are unnecessary in this condemnation action for a nonexclusive temporary easement.

10. **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

       Parties stipulate, pursuant to Rule 26(a)(1)(A), that initial disclosures are unnecessary in this condemnation action for a nonexclusive temporary easement.

    B. **When and to whom the plaintiff anticipates it may send interrogatories?**

       Parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that interrogatories are unnecessary in this right of entry case.

    C. **When and to whom the defendant anticipates it may send interrogatories?**

    Parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that interrogatories are unnecessary in this right of entry case.

D. **Of Whom and by when the plaintiff anticipates taking oral depositions?**

    Parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that depositions are unnecessary in this right of entry case.

E. **Of Whom and by when the defendant anticipates taking oral depositions?**

    Parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that depositions are unnecessary in this right of entry case.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

    Defendants have the burden of proof, but the parties stipulate pursuant to Federal Rule of Civil Procedure 29(b), that expert designations are unnecessary in this right of entry case.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

    Parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that expert depositions are unnecessary in this right of entry case.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

    Parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that expert depositions are unnecessary in this right of entry case.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    None.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    Not Applicable.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties have been unable to resolve the case; however, both parties have agreed to continue exploring options for settling this matter prior to a trial on the merits.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Prior to filing suit, Defendant was sent correspondence from the United States Army Corps of Engineers requesting written permission to temporarily access the Defendant's land for a period of twelve (12) months to conduct a survey, environmental assessment, appraisal, and related work to assess the Defendant's land for possible acquisition in support of U.S. Customs and Border Protection's construction of border infrastructure.  A Right of Entry (ROE) and Site Assessment and exhibit map of the Defendant's land was included.

    Individuals from the United States Customs and Border Protection and United States Army Corps of Engineers met with Mr. Antonio J. Medina, Jr. on October 23, 2019, at his home to discuss the ROE. Mr. Medina, Jr., stated he would review the ROE and contact Agent Garcia at a later time. On October 30, 2019, Mr. Medina, Jr., contacted Agent Garcia and stated he would not sign the ROE.  On January 8, 2020, AUSA John Smith, met with Mr. Medina in order to confer regarding the temporary estate sought, the surveying/testing process, and any potential impacts to Mr. Medina's property.  AUSA Smith accompanied Mr. Medina to his property to observe the property and understand any concerns he may have. AUSA Smith also explained the condemnation process should the United States need to file a Declaration of Taking in order to acquire the temporary estate in order to enter Mr. Medina's's land to conduct surveys and testing.  After consultation with Mr. Medina, he elected not to sign a Right of Entry.  The undersigned AUSA contacted Mr. Medina on April 16, 2020, in order to confer regarding possession of the temporary estate described in Schedule E of the Declaration of Taking (Docket No. 2) and Mr. Medina is opposed to this motion for possession.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties do not think alternative dispute resolution is applicable.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties would agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

Plaintiff makes no demand for a jury. Defendants have not made a demand for a jury

19. **Specify the number of hours it will take to present the evidence in this case.**

The evidence in this case could be presented in less than one day.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

The United States has filed an Opposed Motion for Order of Immediate Possession and deposited the estimated just compensation of $100.00 into the Registry of the Court. The landowner disagrees with the estimated just compensation and believes that the estimated just compensation should be $1000.00.

21. **List other motions pending.**

None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Discussion of just compensation.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Counsel for Plaintiff:

**JOHN A. SMITH III**
Assistant United States Attorney
Attorney-in-Charge
Southern District of Texas No. 8638
Texas Bar No. 18627450
One Shoreline Plaza
800 North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 888-3111
Facsimile: (361) 888-3234
E-mail: john.a.smith@usdoj.gov

For Defendants:
Antonio J. Medina, Jr.
3106 Spring Creek Dr.
Laredo, TX 78045
Phone:    956-724-4021

| FOR DEFENDANTS: | Respectfully submitted, |
|---|---|
| | FOR PLAINTIFF: |
| | RYAN K. PATRICK |
| *s/ Antonio J. Medina* (by permission) | United States Attorney |
| | Southern District of Texas |
| Antonio J. Medina, Jr. | |
| 3106 Spring Creek Dr. | By: *s/ John A. Smith III* |
| Laredo, TX 78045 | **JOHN A. SMITH III** |
| Phone: 956-724-4021 | Assistant United States Attorney |
| | Attorney-in-Charge |
| | Southern District of Texas No. 8638 |
| | Texas Bar No. 18627450 |
| | One Shoreline Plaza |
| | 800 North Shoreline Blvd., Suite 500 |
| | Corpus Christi, Texas 78401 |
| | Telephone: (361) 888-3111 |
| | Facsimile: (361) 888-3234 |
| | E-mail: john.a.smith@usdoj.gov |
| | |
| | Attorney in Charge for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy via email to the following:

Antonio J. Medina

*s/ John A. Smith III*
**JOHN A. SMITH III**